Jonathan Franklin for the Appellant ACT. I'd like to reserve three minutes for rebuttal. This un-interlocutory appeal comes before the Court on a certified question asking whether a full offer of judgment made to a named plaintiff before class certification has been sought will render the case moot. The answer to that question should be yes, where the plaintiff has been offered everything that it could recover in court on its individual claim, and there is no certified class. There is no further case or controversy for the District Court to adjudicate on the merits, and the plaintiff is not entitled to continue to litigate its claim just because it wants to. The District Court, in our view, erred in holding effectively that a plaintiff always has the absolute right to reject even a full and complete offer of relief and continue to litigate its case, and the Court, we believe, erred in focusing too much on the language of Rule 68. The finding of mootness in this case is required by Article III of the Constitution, not by Rule 68. If your position is correct, it seems to me it would follow that all negative value class actions are essentially dead unless the class member's names happen to be somehow publicly available and otherwise available to plaintiff's counsel, because if you're correct, and by negative value I mean when there's a small amount of rich class member, the defendant will just always pick off whatever class member raises its head with an offer of judgment, and you'll never have a class. I don't think that's true, Your Honor, for several cases, it's been on the Court's books for many years, and there hasn't been, in our view, a flood of these kinds of things happening, and the reasons are several. One is that not always are there going to be easily determinable relief that you can offer, and another really practical example is that a lot of defendants think very hard before they're going to make an offer to pay a plaintiff in a case everything they're asking for because they that there are other plaintiffs working in the wings that would then insist on the same offer, and it could end up very easily being effectively a settlement of a class action without having litigated. So there are a lot of defendants that would choose to litigate these cases. We made the decision, given the value of this case and the facts of this case, that it really wasn't worth our while, that we would like to give the plaintiff everything, in fact, more than everything that they're asking for. Well, my guess is you didn't hand them a name, for example, of all the phone numbers and names of everyone else that your client sent faxes to. They had a lot of discovery in the case before this happened. But I'm guessing the defendant looks at that before they would do what you're talking about here. And it may. Because otherwise they'll just have another class action filed the next day. Again, that's the risk that a defendant takes, and so we see this happening in various cases. We don't see it happening in every case. It doesn't seem, it will not happen in a lot of cases where the charges are high and where they're not easily ascertainable. But the fundamental fact is that Article III demands the relief. It demands what we're saying. And every court, every other circuit save one, has held that a complete offer of relief made to a named plaintiff will moot a case, and that the plaintiff does not, in effect, have the right to confer jurisdiction on the court over an otherwise moot claim simply by the voluntary act of refusing to accept victory. But you say it's moot, but isn't there a dispute here when a plaintiff comes forward and says, I want the court to appoint me as a representative so I can control the destiny of the claims of other people and have certain powers to settle, litigate the case. In other words, I want to be certified as a class rep under Rule 23. And the defendant says, no, you should not certify a dispute in which both parties have an interest. And so as far as Article III, aren't we, as the court said, in guarantee beyond any constitutional jurisdictional issue here? In this circuit, the Cruz case controls that, Your Honor. But Cruz certainly helps you. But if you put Cruz to one side? If we put Cruz to one side, I would still argue for Cruz. It would be the same result, because the interest that Your Honor is positing only occurs when there's a certified class. That's the point at which there is a separate interest in the case. But why is that true? If you file an action tomorrow asking to be appointed as guardian or personal representative of a third person, and I oppose it, doesn't the court have jurisdiction to decide whether you're going to be guardian or personal representative? Because in that case, I believe you're suing on behalf of the named guardian and the named representative. No, you want to be a guardian. You want to be a guardian. You want to be appointed. But I'm not familiar with that. I am familiar with the law in the class action area. And this court in Cruz held, and other courts obviously have different rules, but just take the Seventh Circuit, for example's rule is that you have to, the interest only adheres when you file the motion. There was no motion filed in this case. And the court in Cruz made clear that its rule in Cruz was, in fact, different than the other rule where it depends on when the motion is filed. And I think it makes sense, though, because it's at that point in the case you have a named plaintiff. It's not necessarily like the guardian case. You have a named plaintiff. The named plaintiff is Benziac of the school. They have been given, offered everything that they could possibly obtain in court. And the court has no constitutional authority to continue to litigate, adjudicate that case on the merits when the adjudication is going to give the named plaintiff nothing more than they could get from the defendant. And then you have the situation where the named plaintiff is essentially saying, I choose by my voluntary act to make the court have jurisdiction. And we would point to the overseas military sales case in this court where the plaintiff wanted to continue with its appeal, wanted to continue with its challenge. The defendant said, no, we agree with the plaintiff. The court said immediately upon that statement, we agree with the plaintiff. The case became moot. And there was no further entry of any orders. The case was simply dismissed as moot. And that's primarily what we're asking for here. Take guarantee. You have the personal claim was entirely moot there. Yes. No class was certified. In fact, it was denied. And the Supreme Court held there was nevertheless still jurisdiction to decide whether the denial of the class action was proper or not. In other words, whether a class should be certified. You're referring to Roper or the Garrity? The Roper. The Garrity. Decide on the first, on the second. Between the two of them, isn't it well established that there is, even if the individual damage claim is entirely satisfied, the court still has jurisdiction to decide whether or not the denial of class certification was proper. Yes, but the courts limited their holding in that case to a situation where class certification had been denied and there was an appeal of it. And I would point the court in Garrity at page note 11, which I think is the last footnote. The court says in that footnote, if the main plaintiff has no personal stake in the outcome at the time class certification is denied, relation back of the appellate reversal of that denial would not prevent mootness of the action. So the court was limiting its holding to a situation in which at the time certification is denied, the plaintiff still has a stake in the case. No, and yet at the time the court itself decides the issue, he has no stake in the case. At the time the court decides. No, he did. He did have a stake at the time the court decided the certification motion, he did. No, at the time the appellate court decided whether or not the denial was proper or not. There's no personal stake left at that point. At the appellate level, no, but the court said there was still an interest in appealing the denial of the order that had already been obtained. Even though no stake in the underlying claim. Yes, but that was limited to that context, and I would note that the court in Cruz expressly cites Garrity in its decision. So the court was aware of Garrity when it decided the Cruz case. And so the issue I'm having trouble with is the US Supreme Court has jurisdiction to decide whether or not there should be a class action in a case where the plaintiff's individual claim was already entirely satisfied. Why should it make a difference for Article III purposes whether or not the motion for certification was itself already ruled upon by the district court as opposed to being asked for by the plaintiff? Why in Article III purposes does that make a difference? Because the court said that the plaintiff had an interest, even though it had no individual stake, had interest in appealing that order that it was a party to that had already been denied. That order gave it the stake. That's what the court held. And the court has limited that, and I don't think any other circuit has interpreted it as broadly as to say there's always going to be that interest. The Seventh Circuit has looked at this and said it's a motion. This court cited Garrity and Cruz and said it has to be a certified class. The court subsequently in Genesis questioned some of the dicta in Roper that had turned on the possibility of attorney's fees as being inconsistent with later cases under which attorney's fees will not give the requisite stake in the action. I don't think in this case we need to get to any of that because Cruz is, as we've argued, is binding precedent. The other side hasn't really said anything about Cruz other than it was wrongly decided. Cruz is the law of this court. And so when there is no stake remaining in the case, the court doesn't have the constitutional authority to continue to litigate. That doesn't mean that there won't be another plaintiff that comes forward. And again, the defendant takes that risk. But what we're doing here is I think really what the class actions, it's a substitute for a class action. The class action is an expensive piece of litigation and we're saying we'd rather just pay and be done with it. And if another plaintiff comes forward, we're going to have to make that decision too. And a lot of defendants are not going to be doing that. They're not going to be saying, hey, I want to pay everybody who comes to my door. It's actually quite an efficient process. But for the defendants, it's a risky one. And in this case, we've chosen to do it. There have been other ones. It's not a common or routine thing that's done. But it is something that will render the case moot. I have no further questions. I'll reserve the remainder of my time for rebuttal. May it please the Court. My name is Etan Bellin. I'm the Counselor for the Appellee Basiak of Spring Valley. Our first ruling, Your Honors, an offer of judgment does not provide any relief. An offer of judgment is merely an offer. The Cruz case that this Court decided was a case where this Court said that once the that was the adjustment of status through the Immigration Naturalization Service, there was no more cases they could bring. What is the relief left over after you make an offer? The complete relief, Your Honor, because an offer is not giving the relief. They didn't come and hand us the amounts that we were requesting. They said we're offering relief. And by the way, although Article III trumps Rule 68, there's no question. Under Rule 68, which is the rubric under which they used, they brought it under Rule 68, the offer. We did not accept the offer within 14 days, and the offer was withdrawn. There's nothing on the table after the 14 days are up. Would your answer be different if they had deposited the money in court? No, it would not be different, Your Honor, because as Justice Rehnquist pointed out in his concurrence in Roper, there's absolutely no rule. First of all, we would not have gotten the money yet. It would still be in court. And second of all, there's no rule that says that a plaintiff in a class action must accept an offer given by a tendering of monies in a case. In fact, the plaintiff can say, no, I don't want to have that. But that's not what happened here, Your Honor. What happened here, Your Honor, was just an offer that expired by its own terms under the rubric that they chose. So we did not get anything. There's an offer. And according to them, if their argument is correct, they made an offer, the case is moot, the district court has to dismiss, what have we gotten? We haven't gotten anything. Not only that, but if we come to them later and say, give us an offer, give us the money, they can thumb their nose at us. They'll say the case is moot, you have no enforceable judgment against us, you can't force us to give you the money. And that is it. So you have a strange situation where the court would be saying, well, the case is moot because you're getting everything, you've been offered everything you've wanted, but then you walk away and you don't have anything as a plaintiff, and you can't force the defendant to give you anything because you have no judgment. So that's the basic problem. Now some courts- Other than what they offered, what additional money or whatever action would you have been entitled had you won the case? All right, so that's our second argument. The second argument, Your Honor, is that they did not offer us everything that we requested. What we requested were multiple damages for each regulatory and statutory violation that's found in each fax. So we asked for, if there are five violations on a fax, it doesn't satisfy the statute in five different ways. We asked for $500 for each of those. Now what the district court did below in that alternative argument is it made a ruling on the merits, on the 12B6 standard. It said, well, I don't think you're right about that. Of course, there's no First Circuit case law on that. There is no Supreme Court case law on that. In fact, we cited significant case law that supports our position. And the standard on a motion to dismiss the lack of subject matter jurisdiction is not whether you have actually stated a claim. The Supreme Court has made clear that that is not the standard. Back in 1946, the court made that clear. What the standard is is whether, A, you have made the claim under the Constitution or federal law for the purposes of just obtaining jurisdiction, but it really is an immaterial claim, which clearly is not the case here because our claim under the TCPA was one of our main claims in the case. And the second question is whether the legal argument you have made is absolutely frivolous, when no argument can be made whatsoever, either because of a decision of the United States Supreme Court or it's just plain on its face. Suppose you're right. Suppose we agree with you and we were to rule you away. How does that help you? Then the next day, do they just write out a check for an extra several thousand dollars and we're back to the same underlying issue that we have here? Well, again, Your Honor, our position is, as Justice Kagan pointed out in her dissent in Genesis, is that there is nothing that requires the plaintiff to accept an offer of judgment. And that's what we have here, an offer of judgment in any case. But suppose they just put a check on your desk. I mean, suppose if counsel walks up right now and puts a check on your desk and a confession of judgment. We don't have to take that, Your Honor. And Justice Rehnquist said that in his concurrence in Roper. There's absolutely no precedent that suggests, and there's no rule of law that suggests that we have to accept that. If the mootness argument fails, which it does, because we have not gotten our relief. If the mootness argument fails, then the principles of Rule 23 and the principles behind class actions are the public policy why we don't have to accept that. Their mootness argument does not work. If Article 3 is taken out of this, then we have every right to say we want to go forward with our class action. It's not a matter of mootness anymore. It's a matter of our choice of going forward. And the principles behind Article 23 actually, I believe, forbid the district court from requiring us to accept an offer of judgment if there's no Article 3 problem. You're saying as a putative class plaintiff, you've already assumed some mantle of not trying to use the class action just to enrich yourself. Because you want to be a representative of class and have proper fiduciary obligations towards the class members. I agree with you 100%. You have taken on a putative, you have taken on some sort of responsibility. Of course, we all know that plaintiffs and class actions can settle individually without approval of the court. But you've still taken on, you've made that claim, as Justice Rehnquist pointed out in his concurring opinion in Naropa. You've said you want to represent the class. There's no Article 3 issue here, especially when you're dealing with an offer. So then the question is a policy question. Do you allow, can district courts allow people who've just been offered a full judgment to move forward? And the answer is that Rule 23 and the principles that the Supreme Court has enunciated that are a case of class actions, which include more judicial efficiency, not having multiplicity of litigation, and so forth. Do those principles allow you to move forward? And our position is, yes, they do. And there's not one case that indicates other than the courts that have found that a mere offer moots out a case. There's not one case that says that assuming the case wasn't mooted, that you must take an offer of full relief when you have, when you're a putative class plaintiff. There's not one case that says that you want to, and that's what Justice Rehnquist pointed out in his concurring opinion in Naropa. So the other thing we're on is they say, well, you know, let's just, they try to argue like the Sixth Circuit does. They say, well, the case is moot, but if you're worried about enforcing your judge and getting your money from us, well, the district court can just, just enter a judgment. That's what they can do. They can enter a judgment. However, this court has made clear back in 2001 that if a district court does not have jurisdiction, it may not enter a judgment with prejudice. The Second Circuit has held that. The Eighth Circuit has held that. The Tenth. And this court even said it went further. It said if the district court does not have jurisdiction, it cannot even opine on the stopper effect of its own decision remanding a case back to the state, back to state court. So if taking their mootness argument to the logical extent, their offer would mean, would not even permit the district court to enter judgment. Because there's nothing more fundamental than the district court can't enter a judgment with prejudice if it does not have subject matter jurisdiction. That's the main flaw. They make arguments also that would undermine the whole notion of settlement with prejudice. They make a claim that in the standard cases when district courts are deciding whether, you know, whether to enter a stipulation of settlement and enter judgment, they say district court, once the parties have agreed, the district court no longer has any jurisdiction. There's no subject matter jurisdiction. Well, then how do you enter a judgment that is enforceable against the plaintiff in that case to stop the plaintiff from coming back? I don't think that my colleagues on the other side would like it very much if they entered into a settlement and then the plaintiff can come right back, can come right back and sue again, which is essentially what they're saying could happen. Because there's no jurisdiction according to them to enter the judgment. It's clear that an offer is not enough. And especially in this context where it's a Rule 68 offer and that was the rubric that they used. We did not choose that. That was gone after 14 days and there was nothing on the table. And they didn't ask the district judge to enter judgment, by the way. Not that I don't think it would have been proper for them to do so, but they did not ask the district judge to enter judgment. But in any event, even if your honors decided that a mere offer moves everything, we go to our second argument, as I said, about us asking for multiple damages. The district court was clearly wrong in the way that it analyzed that issue. And so, if they come back, if they come back to us and they say to us, well, we're giving you a check, I have some answers to that. And one of the answers is we've had a motion for cross-certification pending in front of the district judge since August of 2014. Our position is going to be, and you're not faced with it at this time, that we've had that, we even amended it and put in more at the end of December of 2013. And my position would be we've had this motion for cross-certification pending. The fact that you're giving us money seven months later is not enough, given that. But that's not what you're faced with here, your honors. You're not faced with that question here. They didn't tend to ask anything. I think that, does the court have any other questions? If the court doesn't have any questions, then I'll rest on my brief. Thank you. Thank you. What do you say to the argument? As I understand it, the main argument is that this is an offer he can refuse. And one of the reasons he can refuse it is he wants to be a class representative and has to behave like a class representative should behave. Well, he's not a class representative. He wants to be one. He wants to be one. I keep harping on Cruz. But it does hold that there's no cognizable interest until the certified class. In terms of the relief, his first argument is we don't get any relief. But I would point the court, again, to the overseas military sales case. In that case, the plaintiff really wanted to litigate the issue, wanted the court to reverse, wanted an injunction. And the court said, no, the case is moot. It gets dismissed without prejudice. And so that's the result here. And by the way, the offer is on the table. It remains on the table. It was on the table when we filed our motion before in the district court. It was on the table when we filed our brief in this court. And we are willing and ready to make good on it. We take this seriously. We're not going to be asking the court to dismiss for mootness and then not agreeing to do what we said we would do. He can refuse the offer. Then doesn't that distinguish this case from Cruz? Because Cruz, the form of relief being requested, the defendant was able unilaterally to put the plaintiff in that position through no action, acceptance of otherwise, by the plaintiff. We don't have that here. We would have to find to rule for you that he effectively should have or is deemed to have accepted the offer. You'd have to find that unilateral action can take a lot of forms. In overseas military sales, the plaintiff, again, they wanted the injunction. They didn't get the injunction. And what the courts that have gone our way, which is most circuits have held, is that the court has no constitutional authority to continue to adjudicate a case that can provide the plaintiff with no more than the defendant has already agreed to give it out of court. And the plaintiff can't by its- Except in Roper or Garrity, where the U.S. Supreme Court- Again, those are specific situations in which a class certification motion had been denied and appealed. And they've been limited, both cases, both decisions expressly limited their holdings to that circumstance. I'm referring again to the other circuits that have held that. Why wouldn't just the filing of the motion itself create a sufficient interest? Well, that's the Seventh Circuit's rule, Your Honor. But it's not this court's rule. But I don't think it would because the interest in here is when there is a certified class. That's a point at which there are other interested parties in the case. The lawyer is not a party. You've said that, I think, several times in response to Judge Kayada's questions about was Cruz correctly decided. And I'm sort of still waiting to hear a better answer. I think the answer- I understand that we're bound by Cruz as a panelist, but- Well, the answer, first of all, on the motion issue is there was no motion filed at the time we- Yeah, there's a way around that too, so- But in terms of the correctness of the rule, I think that it does make sense that you are not- The unnamed class members are not in the case until there's a certified class. At that point, that's when there's a separate interest in the case. Before that happens, you have the individual plaintiff, and he or she or it has only their individual interest in the case. But the assertion that they want to be a representative, why doesn't that put it into a different realm? Because that is not an Article III cognizable concrete interest on behalf of a plaintiff. You're talking about a lawyer that wants to represent unnamed plaintiffs. That is not the same as saying that the plaintiff before the court, which in this case is only one, Bias Yaakov, has an interest. We are going to compensate that interest fully. And by the way, the district court did determine that the relief was full. And so we have that issue off the table as well. So that's really the answer, Your Honor. And I think that all the courts have held that, that have gone our way. Still with that light issue, the court has not dismissed what you would regard as the excessive damage claim. No, what he's held is that our offer was for full relief. He rejected their argument about the damage. But there hasn't been a ruling dismissing that aspect of the complaint. No, because the court, in our view, erred in holding that an offer of full relief could not move the case. Right now, as we stand here today, the docket is the plaintiff wants $0.110. You've offered him $0.100. The court has said, under the certification ruling, that it thinks you are right, that the most he can get is $0.100. But the court has not dismissed the pending claim for $0.110. We're asking this court to reverse on the ground that the offer was for full relief. What the court did say is that he rejected the alternative argument. So what he said, what the judge below said is, if I am reversed on the certified question, then there is nothing remaining. But then it seems to me you're necessarily saying that when someone files a weak claim that can be knocked out on Rule 12b6 grounds, on its face, the court has no jurisdiction. No, Your Honor, because there has to have been a decision by the defendant to compensate the plaintiff fully. No, no, it's the $0.10 I'm talking about, not the $0.10. Right. And we've made- You refused to pay him the $0.10. We've offered to pay him everything that he's entitled to under the statute. You've not offered to pay him everything he's asked for. We did not. Well, the complaint doesn't ask for anything other than what the statute requires. But he has subsequently, in extra complaint filing, said he wants this additional. We litigated that question before the district court. So as the case comes now before this court, there is a finding by the district court that our offer was for complete relief. And so the certified question asks, given that, will the case become moot? And the court doesn't actually have to reach the multiple damages issue on the certified question. It can, but it doesn't need to. And I think we agree, both sides agree on that. There are no further questions. Thank you, Your Honor.